UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steve McGary Carroll

    v.                                              Case No. 21-cv-139-PB

Warden of FCI Berlin
Robert Hazlewood

**REPORT AND RECOMMENDATION**

    The respondent, the Warden of the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a dispositive motion (Doc. No. 6), asking the court to dismiss, without prejudice, Steve McGary Carroll's 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. No. 1) because Carroll has not exhausted his administrative remedies.  Carroll, who seeks an immediate release from custody under the First Step Act, Pub. L. No. 115-015, 132 Stat. 5194 (2018), asserts that his case is excepted from the exhaustion requirement because his case purportedly involves purely legal questions.  The Warden, in turn, maintains that there is no such recognized exhaustion exception, and that Carroll's allegations fail to show that administrative exhaustion would otherwise be futile.  As discussed below, the district judge should grant the Warden's motion and dismiss Carroll's § 2241 petition without prejudice to refiling after he exhausts his administrative remedies.

1

## **Background**

In December 2018, Congress passed the First Step Act to address the reentry of incarcerated individuals and amend the statute governing the calculation of federal sentences. Among its provisions, the Act requires the Attorney General to develop a "risk and needs assessment system" that can be used to determine, among other things, the recidivism risk of each incarcerated individual and the type and amount of evidence-based recidivism reduction ("EBRR") programming that is appropriate for each individual. See 18 U.S.C. § 3632(a). Additionally, the Act directs the BOP to "implement and complete an initial intake risk and needs assessment for each prisoner" and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination" within a certain time frame. Id. § 3621(h)(1)(A). To encourage inmates to participate in EBRR programs and programs and productive activities, the Act creates a system of incentives, including "time credits" that can be applied toward pre-release custody or supervised released. See id. § 3632(d). Programs an inmate has completed before the date when the First Step Act was enacted (December 21, 2018), are not counted in calculating an inmate's earned time credits. 18 U.S.C. § 3632(d)(4)(B).

Carroll contends that he is entitled to 430 days of earned time credits under the First Step Act based upon his completion of EBRR programs. Pet. (Doc. No. 1, at 10). Carroll alleges

that, even though he has participated in certain coursework, the BOP has repeatedly refused to award him his earned time credits. Id. at 13. Carroll also asserts that if he were awarded the amount of earned time credits he asserts he is due, he would be subject to immediate release from custody.[1]  Id.

Carroll's petition includes as an exhibit a list of courses he completed while in BOP custody prior to January 2021. See Doc. No. 1-1, at 3. Only six of those classes appear to have been completed after December 21, 2018. The government has argued in its dispositive motion (Doc. No. 6) that the total number of days of coursework in those six classes does not approach a number that could yield 430 days of earned time credit, and that Carroll's failure to exhaust the administrative remedy process before seeking habeas relief in this court has prevented the BOP from making a final decision on Carroll's request for earned time credits.

### Applicable Legal Standard

In an Order issued this date, see Doc. No. 9, the court converts the Warden's dispositive motion (Doc. No. 6) into one for summary judgment. In considering a motion for summary judgment under Federal Rule of Civil Procedure 56, the court "read[s] the facts in the light most favorable to the non-moving

---

[1] Exhibits attached to the Petition, as well as the BOP Inmate Locator, project Carroll's release date to be August 22, 2022, a date 430 days after June 18, 2021. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 20, 2021).

party" and draws "all reasonable inferences in [that party's] favor." Lachance v. Town of Charlton, 990 F.3d 14 (1st Cir. 2021). "Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Walker v. President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (citations and internal quotation marks omitted); see also Fed. R. Civ. P. 56.

## **Exhaustion Requirement**

The Warden contends that Carroll's petition should be dismissed because Carroll has failed to properly exhaust his administrative remedies and does not fall into a recognized exception to the exhaustion requirement. As discussed below, the district judge should grant the Warden's motion and dismiss Carroll's petition without prejudice, as Carroll has failed to show that his claim is excepted from the administrative exhaustion requirement.

Generally, federal inmates must first exhaust the administrative remedies available to them before seeking habeas relief in federal court through a petition under § 2241. See Idada v. Spaulding, 456 F. Supp. 3d 294, 297 (D. Mass. 2020) (recognizing requirement arises under common law). This administrative exhaustion requirement generally serves twin purposes: "'promoting judicial efficiency'" and "'protecting

administrative agency authority.'" Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 175 (1st Cir. 2016) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)).

"Where, as here," an inmate's obligation to exhaust claims arises under common law, not a mandate of Congress, "federal courts have some leeway" to relax this requirement. Id. But in considering whether to exercise this leeway, "'courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion.'" Id. at 176-77 (quoting McCarthy, 503 U.S. at 146). Courts have recognized exceptions to the § 2241 exhaustion requirement when exhausting administrative appeals "would be futile, or [when] the appeals process [would] be inadequate to prevent irreparable harm." Rodriguez-Rosa v. Spaulding, No. CV 19-11984-MBB, 2020 WL 2543239, at *10 n.21, 2020 U.S. Dist. LEXIS 88044, at *27 n.21 (D. Mass. May 19, 2020) (internal quotation marks and citation omitted).

Here, Carroll does not dispute the Warden's representation that he filed no formal grievances for his First Step Act claim prior to filing the instant habeas petition. See also Magnusson Decl. (Doc. No. 6-1, at ¶¶ 8-9) (outlining the BOP's four-step administrative remedy process); Admin. Remedy Generalized Retrieval History (Doc. No. 6-2, at 8-12). Rather, citing

Goodman v. Ortiz, Civ. No. 20-7582 (RMB), 2020 WL 5015613, at *2, 2020 U.S. Dist. LEXIS 153874, at *5-6 (D.N.J. Aug. 25, 2020), Carroll argues that this court should find that the exhaustion requirement does not apply in this case as his habeas claims turn only on "legal questions." Carroll Obj. (Doc. No. 7, at 1); see also Pet. (Doc. No. 1, at 2, 15). In his view, "[t]he issues in Goodman v. Ortiz are exactly on point with the [exhaustion and merits] issues before the Court in this case." Carroll Obj. (Doc. No. 7, at 1). Additionally, he asserts that "the BOP has made their position clear that they will not award any credits" to Carroll, just as the BOP did in Goodman. Id. The court disagrees.

Despite Carroll's assertion, Goodman did not recognize an exception to the administrative exhaustion requirement for habeas claims raising purely legal questions. In Goodman, an inmate alleged that the BOP had failed to give him earned time credits under the First Step Act for certain EBRR training programs. 2020 WL 5015613, at *1. Unlike the case here, the BOP in Goodman did "not dispute that [the inmate] had earned the time credits." Id. at *2. The BOP nevertheless opposed granting the inmate time credits, arguing that it was not required to award any earned credits under the First Step Act "until the two-year phase-in period under the statute ha[d] expired." Id. The court found that the inmate's petition was

6

exempt from the general exhaustion requirement because it presented "a narrow dispute of statutory construction" — a category of habeas claims exempt from the exhaustion requirement in the Third Circuit. Id. at *3 (citing Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016)). Moreover, the court found that exhaustion would be futile, as the BOP's preferred construction of the First Step Act barring the reward of any time credits was "contrary to the statutory language." The court therefore granted habeas relief. Id. at *3, 5.

Carroll's habeas claim, by comparison, goes beyond a "narrow dispute" regarding the BOP's construction of the First Step Act's text. Unlike in Goodman, the parties in this case disagree as to whether Carroll has in fact completed the quantity of coursework that Carroll claims would entitle him to time credits under the First Step Act, given the dates of Carroll's classes and his BOP-assigned risk-of-recidivism designation. Additionally, Carroll has failed to demonstrate that administrative exhaustion would be futile based on BOP's policy for awarding time credits. Indeed, because Carroll filed his petition without first filing a grievance, there is no record as to the BOP's position on why certain coursework completed by Carroll may or may not qualify for time credit, given Carroll's specific circumstances.

Resolution of these factual questions by the BOP in the first instance would serve the twin purposes of promoting judicial efficiency and protecting administrative agency authority by giving the BOP the opportunity to apply its expertise, correct possible errors, and create a useful record before this court considers the merits of Carroll's habeas claims.  See Anversa, 835 F.3d at 175-76.  Further, Carroll has failed to allege any other facts that would suggest that his § 2241 claims fall under any other recognized exception to the exhaustion requirement.  See Cook v. Spaulding, 433 F. Supp. 3d 54, 58 (D. Mass. 2020) (dismissing habeas petition for failure to exhaust, even where granting of petition would result in immediate release of an inmate).  Accordingly, the district judge should dismiss Carroll's § 2241 petition without prejudice to his ability to refile a § 2241 petition once he properly exhausts the administrative remedies made available by the BOP.

## Conclusion

For the reasons stated above, the district judge should grant the Warden's motion (Doc. No. 6) and dismiss Carroll's § 2241 petition (Doc. No. 1) without prejudice to his ability to refile once he exhausts his administrative remedies.  Any objections to this Report and Recommendation must be filed within thirty days of receipt of this notice.  The thirty-day period may be extended upon motion.  Failure to file objections

within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 26, 2021

cc: Steve McGary Carroll, pro se
    Seth R. Aframe, Esq.